UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
        vs.                     )       No. 4:93CR303-DJS
                                )
TOMMIE LEWIS PENSON,            )
                                )
                Defendant.      )
---------------------------------
UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
        vs.                     )       No. 4:94CR106-DJS
                                )
TOMMIE LEWIS PENSON,            )
                                )
                Defendant.      )


<u>ORDER</u>


       In these long-closed criminal cases, defendant Tommie
Lewis Penson, acting pro se, has submitted a letter addressed to
the Clerk of the Court, which the Court has construed as a motion
for a copy of the grand jury transcript. Grand jury proceedings
are subject to the secrecy requirements of Fed.R.Crim.P. 6.
Defendant's one-sentence request fails to demonstrate the
applicability of any exception to grand jury secrecy which would
allow him to obtain a transcript.

       Defendant's references to <u>Jencks</u> and <u>Brady</u> do not entitle
him to access to grand jury testimony. <u>Brady v. Maryland</u>, 373 U.S.

83 (1963), governs the prosecution's disclosure of exculpatory evidence material either to guilt or punishment, and defendant has made no showing of its applicability to the grand jury record. The Jencks Act, governing disclosure of witness statements, requires the prosecution to disclose the grand jury transcript to the defense only if it contains statements by a witness that relate to the subject matter of the witness's own testimony at trial. United States v. Kamerud, 326 F.3d 1008, 1015 (8th Cir. 2003). Defendant fails to demonstrate the applicability of the Jencks Act to the grand jury transcript in his case.

Furthermore, even assuming that a transcript of the grand jury proceedings is filed of record with the Court, neither statutory authority nor the Court's practice requires the provision of free copies of transcripts or other court records to criminal defendants in closed criminal cases for their prospective use. The Court of Appeals affirmed defendant's conviction and sentence in 1995. No motion for relief pursuant to 28 U.S.C. §2255 appears to be pending, and any such filing made now would appear to be grossly untimely.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Penson's letter construed as his pro se motion for a copy of the grand jury trans-

cript [Doc. #350 in 4:93CR303-DJS and Doc. #107 in 4:94CR106-DJS]
is denied.


Dated this 27th day of June, 2005.


                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE